UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
------------------------------ x
                               :
UNITED STATES OF AMERICA,       :
               Plaintiff,       :      Criminal No.
                               :      3:14-CR-00165(MPS)
          vs.                   :
                               :      July 28, 2014
LLOYDS BANKING GROUP plc,        :
               Defendant.       :
                               :
------------------------------ x
```

Federal Building
450 Main Street
Hartford, Connecticut


PLEA HEARING AND DEFERRED PROSECUTION AGREEMENT


(Transcription from Electronic Recording)


Held Before:

THE HON. DONNA F. MARTINEZ
United States Magistrate Judge

Transcription Services of
FALZARANO COURT REPORTERS, LLC
117 North Saddle Ridge
West Simsbury, CT  06092
860.651.0258

A P P E A R A N C E S:

   <u>For the Plaintiff:</u>

       UNITED STATES DEPARTMENT OF JUSTICE
       Criminal Fraud Division
       1400 New York Avenue, NW
       Washington, DC 20005
          BY:  PATRICK PERICAK, ESQ.
              DANIEL BRAUN, ESQ.


       OFFICE OF THE UNITED STATES ATTORNEY
       157 Church Street - 25th Floor
       New Haven, Connecticut 06510
       203-821-3751
          BY:  MICHAEL S. McGARRY, ESQ.
          Assistant U.S. Attorney


   <u>For the Defendant:</u>

       HOGAN LOVELLIS US LLP
       875 Third Avenue
       New York, NY 10022
       212-909-0643
          BY:  MARC C. GOTTRIDGE, ESQ.

       COWDERY & MURPHY, LLC
       280 Trumbull Street
       22nd Floor
       Hartford, Connecticut 06103
       860-278-0012
          BY:  JAMES T. COWDERY, ESQ.

```
 1                    (Proceedings commenced at 4:03 p.m.)
 2              THE CLERK:  The Honorable United States
 3     District Court is now open after recess.
 4              THE COURT:  All right.  Good afternoon.
 5              ALL:  Good afternoon, your Honor.
 6              THE COURT:  All right.  This is in the
 7     matter of a deferred prosecution agreement,
 8     United States vs. Lloyds Banking Group.
 9              Do we have a docket number, Mr. Clerk?
10              THE CLERK:  Oh, yes, your Honor.
11              THE COURT:  Thank you.  14-Criminal-165
12     assigned to Judge Shea.
13              Will you identify yourselves, please,
14     for the record?
15              MR. PERICAK:  Yes, your Honor, good
16     afternoon.  Patrick Pericak on behalf of the
17     Department of Justice.
18              MR. BRAUN:  Good afternoon, your Honor,
19     Daniel Braun, also for the Department of Justice.
20              THE COURT:  All right.
21              MR. McGARRY:  Good afternoon, your
22     Honor.  Mike McGarry from the U.S. Attorney's
23     Office for the Government as well here, but the
24     two gentleman of the Department of Justice are
25     handling the case.  I'm here as liaison to help
```

1    with your staff and Probation, whatever you need

2    from the Government.

3              THE COURT:  Thank you.

4              MR. GOTTRIDGE:  Good afternoon, your

5    Honor.  Marc Gottridge from Hogan Lovells US LLP

6    in New York.

7              THE COURT:  Good afternoon.

8              MR. GOTTRIDGE:  I'm a member of the bar

9    in the District of Connecticut.

10             THE COURT:  I remember you, Mr.

11   Gottridge.

12             MR. GOTTRIDGE:  Yes.  I remember you as

13   well, your Honor.  And I am representing Lloyds

14   Banking Group plc.

15             MR. MCKENDRY:  Good afternoon, your

16   Honor.  I'm Kevin McKendry.  I represent Lloyd's

17   Banking Group.

18             MR. COWDERY:  Good afternoon, your

19   Honor.  Jamie Cowdery, local counsel for Mr.

20   Gottridge representing Lloyds Banking.

21             THE COURT:  Thank you.  Good afternoon.

22             All right.  I understand that Lloyds

23   Banking Group wishes to waive indictment, plead

24   not guilty to an information charging it with one

25   count of wire fraud, and then put on the record a

1  deferred prosecution agreement.  Is that correct?

2          MR. GOTTRIDGE:  That is correct, your

3  Honor.

4          THE COURT:  All right.  So let me you

5  the order in which I envision we'll proceed and

6  then of course I'll hear you if you have anything

7  to say about that.

8          I first will address the authority of

9  the representative, put him under oath, ask him

10  certain questions about that.  Advice of rights,

11  waiver of indictment.  I understand you want to

12  put waiver of venue on the record.  I'll take a

13  not guilty plea.  You can summarize the deferred

14  prosecution agreement.  We'll take up the speedy

15  trial waiver.

16          And I think that's it.  Is there

17  anything else we should do?

18          MR. PERICAK:  I believe that's it, your

19  Honor.

20          THE COURT:  All right.

21          MR. GOTTRIDGE:  That's it as far as

22  we're concerned, your Honor.

23          THE COURT:  All right.

24          MR. PERICAK:  Your Honor, one other

25  matter which maybe we can address it today or we

1  can address it in front of the District Court.

2  This case is related to another case

3  that was previously filed.  It's United States

4  vs. -- and I'll just give it a shorthand,

5  Rabobank?

6  THE COURT:  Yes.

7  MR. PERICAK:  And its cooperative,

8  Raiffeison.  So we will be filing a notice of a

9  related case.  So I don't know if your Honor

10  wants to accept that filing here or if we should

11  do that separately.

12  THE COURT:  There's nothing I need to

13  do.  Just file that electronically and it will be

14  taken up by the district judges.

15  MR. PERICAK:  Yes, your Honor.  Thank

16  you.

17  THE COURT:  All right.

18  All right.  Who will be the

19  representative with the Defendant?

20  MR. GOTTRIDGE:  That will be Mr.

21  McKendry, your Honor.

22  THE COURT:  All right.

23  Mr. McKendry, I have to ask you certain

24  questions for the record to assure myself that

25  you do have authority to act on the Defendant's

```
 1    behalf.  In order to do that I have to ask you
 2    questions while you're under oath.  All right?
 3              MR. McKENDRY:  Um-hum.  Yep.
 4              THE COURT:  All right.  Place Mr.
 5    McKendry under oath.
 6              (Whereupon, KEVIN McKENDRY was duly
 7    sworn by the Clerk of the Court.)
 8              THE COURT:  Will you spell your name,
 9    sir, for the record?
10              MR. McKENDRY:  First name is Kevin, K-
11    E-V-I-N, middle initial P, last name is M-C
12    capital K-E-N-D-R-Y.
13              THE COURT:  All right.  And what is
14    your position with the Defendant?
15              MR. McKENDRY:  I am the Chief Legal
16    Officer in North America.
17              THE COURT:  All right.  You're an
18    officer or an employee?
19              MR. McKENDRY:  An officer.
20              THE COURT:  All right.  And have you
21    been empowered to act today on behalf of the
22    Defendant?
23              MR. McKENDRY:  I have by a committee of
24    the Defendant's board.
25              THE COURT:  All right.  Do you have a
```

1    resolution?

2              MR. GOTTRIDGE:  Yes, your Honor.  I

3    would say that if the Government would hand up a

4    copy of the deferred prosecution agreement I can

5    call the court's attention to the relevant

6    extracts?

7              THE COURT:  All right.

8              MR. PERICAK:  May I approach, your

9    Honor?

10              THE COURT:  Yes, please.

11              MR. PERICAK:  I'm handing up what's --

12    the deferred prosecution agreement and the

13    relevant resolutions are included as Attachment

14    B, your Honor.  So if you go form the very back

15    pages, I think if you go three or four in from

16    the back you'll see the resolutions.

17              MR. GOTTRIDGE:  It is, your Honor, the

18    final three pages of the package that Mr. Pericak

19    has handed up to the court.

20              THE COURT:  Attachment B.  Extract of

21    the minutes?

22              MR. GOTTRIDGE:  Yes, that's correct.

23    And there are actually two extracts that are

24    together.  The first one being the minutes of a

25    Board of Directors meeting of Lloyds Banking

1    Group plc, which is the company that is the

2    Defendant here and that entering to the PPA.  And

3    that authorizes a certain committee to take

4    actions on behalf of the corporation in

5    connection with dealings with, among others, the

6    Department of Justice for the purposes of

7    settling the matters relating to Libor.

8            And then the second extract, which

9    appears immediately below that, is extracts of a

10   meeting on the 24th of July of this year of that

11   committee, the board committee.  And that

12   committee, the minutes of that committee's

13   meeting go on to include a resolution that has

14   several paragraphs, but paragraph 5 in particular

15   on the second page of the attachment recites the

16   authorization, empowerment and the direction to

17   Mr. McKendry to take the steps that we are here

18   to execute.

19            THE COURT:  All right.  Thank you.

20            I have to advise you, Mr. McKendry,

21   that now that you've been sworn your answers are

22   subject to the penalties for perjury or for

23   making a false statement.  You understand?

24            MR. McKENDRY:  Yes, I do.

25            THE COURT:  Have you recently been

1    under the care of any physician for any mental or

2    emotional condition that would impact your

3    ability to understand and comprehend and

4    participate in our proceedings today?

5              MR. McKENDRY:  No, your Honor.

6              THE COURT:  In the past 48 hours have

7    you taken any drugs, medication, narcotics or

8    alcoholic beverages that would impact your

9    ability to understand and participate in these

10   proceedings?

11             MR. McKENDRY:  I did have some wine on

12   Saturday, my daughter was married, but aside from

13   that, no.

14             THE COURT:  Congratulations.

15             MR. McKENDRY:  Thank you.

16             THE COURT:  Is your mind clear?

17             MR. McKENDRY:  Yes, it is.

18             THE COURT:  How long have you been

19   employed by the Defendant?

20             MR. McKENDRY:  Nearly 35 years.

21             THE COURT:  Is the attached to the

22   deferred prosecution agreement a true and correct

23   copy of the resolution authorizing you to take

24   action today?

25             MR. McKENDRY:  It is.

1         THE COURT:  Any other questions either

2    of you would suggest I put to Mr. McKendry along

3    the lines of authority?

4         MR. PERICAK:  No, your Honor.

5         MR. GOTTRIDGE:  No, your Honor.

6         THE COURT:  All right.  I'm, as the

7    representative of the corporation, going to

8    advise you of your rights.

9         You have a right to remain silent, that

10   is the corporation has a right to remain silent,

11   not required to make any statement.  If it does

12   make a statement through you or otherwise that

13   statement can and probably will be used against

14   the corporation.  You understand that?

15        MR. McKENDRY:  Yes, I do.

16        THE COURT:  If you being to make a

17   statement you may stop at any time.  Do you

18   understand that?

19        MR. McKENDRY:  Yes.

20        THE COURT:  You also have the right to

21   counsel, that is you have a right to be

22   represented at all proceedings against you.  Do

23   you understand?

24        MR. McKENDRY:  Yes.

25        THE COURT:  Does the corporation have a

1    right to appointed counsel?

2            MR. PERICAK:  It's an interesting

3    question, your Honor, I don't know the answer to

4    it, but I think for present purposes the fact is

5    the corporation has counsel of its own choosing,

6    which is obviously not appointed --

7            THE COURT:  All right.

8            So you hear, Mr. McKendry, that's at

9    least an open question as to whether the

10    corporation has the right to appointed counsel if

11    it cannot afford counsel.  The corporation might;

12    it might not.

13            All right.  I'm going to proceed now to

14    the waiver of indictment.

15            Have your discussed with your attorney

16    the corporation's waiver of indictment?

17            MR. McKENDRY:  I have, yes.

18            THE COURT:  Again, I have to make

19    certain that you understand it.

20            I'm told that you want to waive

21    indictment and plead not guilty to an information

22    charging the corporation with a violation of 18

23    United States Code Section 1343, wire fraud.  Is

24    that correct?

25            MR. McKENDRY:  Yes, it is.

1    THE COURT:  Do you understand that the

2    charge against the corporation is a felony, that

3    is a crime punishable by more than one year in

4    jail?

5    MR. McKENDRY:  Yes.

6    THE COURT:  Before you may waive

7    indictment I have to make certain that you

8    understand your right to have the case presented

9    to a grand jury.  Under the Constitution of the

10   United States the Government cannot prosecute

11   someone for a felony unless it first obtains an

12   indictment from a federal grand jury.  A grand

13   jury is a group of citizens who are called in to

14   hear the Government's evidence.  The grand jury

15   is composed of at least 16 but not more than 23

16   people.  Before you can be indicted at least 12

17   of the grand jurors would have to find that there

18   was probable cause to believe that a crime was

19   committed and that the corporation committed that

20   crime.

21   Once again, I am told that you want to

22   waive the right to have the case against the

23   corporation presented to the grand jury.  If you

24   do that you're waiving the corporation's right to

25   require that the Government present its case to

1       the grand jury and you are therefore giving up

2       the possibility that the grand jury might refuse

3       to indict you.  You understand?

4               MR. McKENDRY:  Yes, I do.

5               THE COURT:  If you do not waive

6       indictment the Government may present the case to

7       the grand jury and ask the grand jury to indict

8       you.  The grand jury might indict you or might

9       not indict you, but if you waive your right to

10      indictment the felony charges against you will be

11      brought by the United States Attorney or the

12      representative of the Department of Justice by

13      the filing of this information which your layer

14      has shown you.  The case will proceed against you

15      on the information just as though you had been

16      indicted.  Do you understand?

17              MR. McKENDRY:  Yes.

18              THE COURT:  You've discussed all this

19      with counsel?

20              MR. McKENDRY:  I have.

21              THE COURT:  Have any threats or

22      promises been made to induce you or the

23      corporation to waive indictment?

24              MR. McKENDRY:  No, they have not.

25              THE COURT:  Anyone forcing you to waive

1    indictment?

2                 MR. McKENDRY:  No.

3                 THE COURT:  Is that what you want to

4    do?

5                 MR. McKENDRY:  Yes.

6                 THE COURT:  Counsel, is there any

7    reason why your client should not waive

8    indictment?

9                 MR. GOTTRIDGE:  There is no reason,

10   your Honor.

11                THE COURT:  Government know of any

12   reason?

13                MR. PERICAK:  No, your Honor.

14                THE COURT:  Do you have the necessary

15   waiver forms prepared?

16                MR. GOTTRIDGE:  Yes, your Honor.  I

17   have a waiver of indictment that Mr. McKendry has

18   executed and which I have executed.

19                THE COURT:  All right.

20                MR. GOTTRIDGE:  May I approach?

21                THE COURT:  Yes, please.

22                MR. GOTTRIDGE:  Thank you.

23                THE COURT:  You've executed that on

24   behalf of the corporation, Mr. McKendry?

25                MR. McKENDRY:  Yes, I have, your Honor.

1          THE COURT:  All right.  I find that the

2     waiver is knowingly, intelligently and

3     voluntarily made and I accept it.

4          (Pause.)

5          THE COURT:  Shall we address the waiver

6     of venue, Counsel?

7          MR. GOTTRIDGE:  Yes, your Honor.  Be

8     delighted to.

9          Your Honor, it is not clear to us that

10    the offense that's charged in the one count

11    information falls within the four corners of Rule

12    18 of the Federal Rules of Criminal Procedure.

13    Notwithstanding that, Lloyds Banking Group wishes

14    to enter a not guilty plea and consent to the

15    filing of the information in this district as

16    opposed to any other district, and is happy to

17    waive venue, any objection at all to venue be

18    laid in the District of Connecticut.

19         THE COURT:  All right.  Anything the

20    Government wants to add?

21         MR. PERICAK:  Yes, your Honor.  We

22    could very well have venue on Count 1 of the

23    information as charged.  We would have to

24    identify counterparties to transactions that were

25    affected by the Libor rate on that day.  We have

1        to this point not done that, so we may have

2        venue.  But given that the Defendant is willing

3        to waive venue we're willing to proceed on that

4        basis.

5                THE COURT:  All right.

6                Mr. McKendry, do you understand that

7        the lawyers have just told me?

8                MR. McKENDRY:  Yes, I do, your Honor.

9                THE COURT:  There appears to be an

10       issue as to whether venue lies in this district.

11               MR. McKENDRY:  Um-hum.

12               THE COURT:  I'm told, however, that the

13       corporation wishes to waive any legal issue it

14       might raise that venue is proper here.

15               MR. McKENDRY:  That's correct.

16               THE COURT:  You understand all that?

17               MR. McKENDRY:  Um-hum.

18               THE COURT:  You've discussed it with

19       counsel?

20               MR. McKENDRY:  Yes, I have.

21               THE COURT:  Is that what you want to

22       do?

23               MR. McKENDRY:  Yes.

24               THE COURT:  All right.  Let's proceed

25       to the not guilty plea.

1          Will you set forth the charge and the

2     penalty, please?

3          MR. PERICAK:  Yes, your Honor.  The

4     charge is a single count of wire fraud under 18

5     USC Section 1343.  The maximum penalty is 30

6     years imprisonment and a one million dollar fine

7     because the fraud affected a financial

8     institution.

9          And the elements of Count 1 are, first,

10    that there was a scheme or artifice to defraud or

11    to obtain money or property by materially false

12    and fraudulent pretenses, representations or

13    promises.

14         Second, that the Defendant knowingly

15    and willfully participated in the scheme or

16    artifice to defraud with the intent to defraud.

17         And third, that in furtherance of that

18    scheme the Defendant used or caused to be used in

19    an interstate or international wire transmission.

20         THE COURT:  All right.

21         MR. PERICAK:  Oh, I'm sorry, your

22    Honor.  I should point out one other thing.

23    Under the alternative fine provision the maximum

24    fine is twice the gross gain to the Defendant or

25    twice the gross loss to any victims.

1          THE COURT:  All right.

2          I'm about to take your not guilty plea.

3      I'll have the charge read to you unless you waive

4      the reading of the charge.  Do you waive the

5      reading?

6          MR. McKENDRY:  I do.

7          THE COURT:  Mr. Gottridge is on his

8      fee.

9          MR. GOTTRIDGE:  No, I just wanted to

10     make sure that the indict -- the information

11     rather has actually been filed before the plea

12     has been taken.

13         THE COURT:  The information that --

14         MR. GOTTRIGDGE:  Has that been file,

15     Mr. --

16         THE COURT:  Have we handed it up?

17         MR. PERICAK:  I'm sorry, your Honor, I

18     have not.

19         THE COURT:  Hand it up, please.

20         MR. PERICAK:  I have (unintelligible).

21         THE COURT:  Yep.  Hand it up.

22         MR. PERICAK:  Thank you, your Honor.

23         (Pause.)

24         THE COURT:  All right.  Go ahead, Mr.

25     Clerk.  Take the not guilty plea.

1          THE CLERK:  Yes, your Honor.

2              In the case of the United States of

3      America vs. Lloyds Banking Group plc, Criminal

4      Number 3:14-CR-165 (MPS), as to Count 1 of the

5      information charging the corporation in violation

6      of Title 18 United States Code Section 1343, how

7      does the corporation wish to plead?

8              MR. McKENDRY:  The corporation pleads

9      not guilty.

10          THE CLERK:  Your Honor, the corporation

11      please not guilty to Count 1 of the information.

12          THE COURT:  Not guilty plea shall enter

13      on the record.

14              All right.  You may be seated, sir.

15              Counsel, what do you wish to put on the

16      record regarding the content of the deferred

17      prosecution agreement?

18          MR. PERICAK:  Yes, your Honor.

19              Your Honor, the parties have entered

20      into a binding deferred prosecution agreement in

21      this case.  Among other things, the agreement

22      provides that the Defendant will pay a criminal

23      penalty in the amount of 86 million dollars.  In

24      addition, among other things, their agreement

25      provides that in consideration of Lloyds Banking

1       Group's past and future cooperation as outlined

2       in paragraphs 5 and 6 of the deferred prosecution

3       agreement, LBG's, Lloyds' payment of a criminal

4       penalty and Lloyds' implementation of remedial

5       measures as outlined in paragraph 5 of the DPA,

6       the Government agrees that any prosecution of

7       Lloyds for the conduct set forth in the statement

8       of facts attached to the DPA and other conduct

9       disclosed to the Department prior to the signing

10      of the DPA, shall be deferred for period of two

11      years and 7 days from the date of the filing of

12      the information; that the company waives any

13      right to challenge venue for this prosecution in

14      the District of Connecticut; that if the

15      Government in its sole discretion determines that

16      Lloyds has breached the agreement, it may extend

17      the agreement for up to one year.

18              Moreover, in the event of a breach, the

19      commission of a felony by Lloyds or the

20      Government's determination that Lloyds has

21      provided false information, the Government may

22      prosecute Lloyds for any federal criminal

23      violation of which the Government had knowledge,

24      including the charges in the information; that

25      Lloyds agrees that in the event the Government

1   may prosecute it for the reasons just described,

2   it waives for a 3-year and 7-day period the

3   defense of the statute of limitations to any

4   prosecution relating to the conduct and the

5   statement of facts that is not time barred by the

6   statute of limitations on the date of the signing

7   of the deferred prosecution agreement.  And that

8   includes the effect of any prior tolling

9   agreements of which we have at least two I

10   believe.  And that the company admits to the

11   truth and accuracy of the statement of facts

12   attached to and incorporated in the agreement as

13   Attachment A, and that Lloyds has received no

14   other promises beyond those set forth in the

15   deferred prosecution agreement.

16             THE COURT:  All right.

17             MR. PERICAK:  Those are just some of

18   the terms of the agreement, your Honor.

19             THE COURT:  Any other terms Defendant

20   wants to put on the record?

21             MR. GOTTRIDGE:  Your Honor, I think

22   since we will be filing, as I understand the DPA

23   itself, on the record, I won't belabor the

24   record.  There are obviously other terms that

25   were entered into, but there is no reason in our

1   view to prolong the proceeding.  Those are

2   certainly among the terms that (unintelligible).

3          THE COURT:  Do you understand all these

4   terms?

5          MR. McKENDRY:  Yes, I do.

6          THE COURT:  You've read the deferred

7   prosecution agreement?

8          MR. McKENDRY:  I have.

9          THE COURT:  Does the deferred

10  prosecution agreement fully and accurately

11  reflect your entire understanding with the United

12  States Government?

13         MR. McKENDRY:  Yes, I believe it does.

14         THE COURT:  Are there any promises

15  other than those contained in the written

16  agreement?

17         MR. McKENDRY:  No, there are not.

18         THE COURT:  And you understand the

19  agreement?

20         MR. McKENDRY:  Yes.

21         THE COURT:  You've discussed it with

22  counsel?

23         MR. McKENDRY:  I have.

24         THE COURT:  Has he answered all your

25  questions to your satisfaction?

1          MR. McKENDRY:  He has.

2          THE COURT:  Has the agreement been

3     signed?

4          MR. GOTTRIDGE:  Yes, your Honor.

5          And I would note that among the

6     signatories on behalf of Lloyds Banking Group plc

7     is Mr. McKendry.

8          THE COURT:  All right.

9          All right.  Agreement may be filed.

10         MR. PERICAK:  I had, your Honor, I had

11    handed one up if you want to use that for filing.

12         THE COURT:  As long as it's got

13    original signatures on it.

14         MR. GOTTRIDGE:  Your Honor, it has some

15    original signatures on it and some signatures

16    that are copies because there were people outside

17    of the United States that were sending their

18    signatures, so it does not have all original

19    signatures.  Does your Honor --

20         THE COURT:  Mr. McKendry's original

21    signature is on it?  I think --

22         MR. GOTTRIDGE:  I think we can -- your

23    Honor, I'm not sure his signature is original but

24    if not he can certainly re-execute that one.

25         THE COURT:  Okay.

1          MR. GOTTRIDGE:  If that would help.  I

2     will represent that we are in the process of

3     receiving the original signatures that were

4     signed in the United Kingdom and we're expecting

5     those by tomorrow.

6          THE COURT:  All right.

7          MR. GOTTRIDGE:  If the court needed it

8     for some reason we can certainly substitute

9     original signatures in place of those which are

10    copies.

11         THE COURT:  Seems to me as long as Mr.

12    McKendry is authorized that should suffice and if

13    we don't have his original signature he can

14    certainly sign it here in open court.

15         MR. GOTTRIDGE:  Excuse me, your Honor.

16    May I just confer with Mr. Pericak for a second?

17         THE COURT:  Sure.  Of course.

18         (Pause.)

19         MR. GOTTRIDGE:  Your Honor, I've

20    conferred with Mr. Pericak.  What we're going to

21    do if it meets with the court's satisfaction, is

22    the signature of Mr. McKendry on page 20 is a

23    copy, but he's happy to re-execute it in his

24    original hand.

25         THE COURT:  All right.  Go ahead, sir.

1          (Pause.)

2          THE COURT:  And we've got the

3     Government's original signature?

4          MR. PERICAK:  Yes, your Honor.

5          THE COURT:  All right.  All right, hand

6     it up.

7          (Pause.)

8          THE COURT:  It may be filed.

9          All right.  Finally, I think we should

10    address the speedy trial rights and waiver.

11         MR. PERICAK:  Yes, your Honor.

12         THE COURT:  You can go ahead with that.

13         MR. PERICAK:  Yes, your Honor.

14         Your Honor, Section 3161(h)(2) provides

15    for a period of delay during the time period to

16    allow a defendant to demonstrate his good

17    conduct.  We would submit that that provision

18    applies wholly to this situation where the

19    Government has entered into a deferred

20    prosecution agreement in order for the Defendant

21    to have an opportunity to demonstrate good

22    conduct, and so we would ask that the court

23    exclude from the time period under the Speedy

24    Trial Act, the time period of the entire term of

25    the deferred prosecution agreement, which in this

1     case is two years and 7 days.

2          There is also the provision in the DPA

3     that allows the Department to extend the time for

4     an additional year, so we would ask that if the

5     term of the DPA is extended by the Department

6     that that time also be excluded.  Thank you.

7          THE COURT:  Thank you.

8          Want to be heard?

9          MR. GOTTRIDGE:  No objection, your

10    Honor, to what Mr. Pericak has just outlined.

11         THE COURT:  All right.  Have you

12    prepared something in writing for me to sign

13    excluding the time?

14         MR. GOTTRIDGE:  Your Honor, I have not.

15         THE COURT:  All right.

16         MR. PERICAK:  We can submit something

17    if your Honor would like that.

18         THE COURT:  Why don't you do that, and

19    just after you show it to Mr. Gottridge or Mr.

20    Cowdery, whoever, just submit it directly to my

21    chambers and we'll have it filed.

22         MR. PERICAK:  Yes, your Honor.  Thank

23    you.

24         THE COURT:  All right.  Anything else

25    we need to do today?

1          MR. GOTTRIDGE:  Not to the Defendant's

2     knowledge, your Honor.

3               THE COURT:  All right.  Government?

4               MR. PERICAK:  No, your Honor.

5               THE COURT:  All right.  Thank you,

6     Counsel.

7               We're in recess.

8               MR. PERICAK:  Thank you, your Honor.

9               THE CLERK:  All rise.  The Honorable

10    United States District Court is now in recess.

11               (Proceedings concluded at 4:29 p.m.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                                   CERTIFICATE

2

3                   I hereby certify that the foregoing 28

4    pages are a complete and accurate transcription to the

5    best of my ability of the electronic recording of the

6    Plea Hearing and Deferred Prosecution Agreement in re:

7    UNITED STATES OF AMERICA vs. LLOYDS BANKING GROUP plc,

8    Criminal No. 3:14-CR-00165 (MPS) held before The Hon.

9    Donna F. Martinez, United States Magistrate Judge, in

10   Hartford, Connecticut, on July 28, 2014.

11

12   s/s_____          _____

13   Suzanne Benoit, Transcriber          Date

14

15

16

17

18

19

20

21

22

23

24

25